UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN LATHEL JONES,

        Plaintiff,

vs.

CASE NO.:   3:09-cv-1150-J-32JRK

JOHN RUTHERFORD, et al.,

        Defendants.

_____/

## SHERIFF JOHN RUTHERFORD'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Sheriff John Rutherford ("Rutherford"), pursuant to Rules 8 and 12(b)(6), Fed. R. Civ. P., hereby moves that this Court dismiss the Plaintiff's Amended Complaint [Doc.#30] for failure to state a claim upon which relief can be granted.

In the Amended Complaint, the Plaintiff attempts to sue Rutherford, through 42 U.S.C. § 1983, for alleged constitutional violations. Although the Amended Complaint does not contain individually numbered counts, the Plaintiff makes claims under two general theories. In the first of the Plaintiff's theories, he attempts to state a claim for alleged excessive force used by police officers employed by the Jacksonville Sheriff's Office during the Plaintiff's arrest. In his second theory, the Plaintiff attempts to state a claim for alleged deliberate indifference to his serious medical needs while he was incarcerated in the Duval County Pretrial Detention Facility. The Amended Complaint, in its entirety, should be dismissed as to Rutherford because the Plaintiff has failed to allege any valid cause of action against Rutherford and because Rutherford is entitled to qualified immunity.

1

## MEMORANDUM OF LAW

The Plaintiff's Amended Complaint attempts to sue Rutherford, through 42 U.S.C. § 1983, for constitutional violations related to (1) alleged excessive force used during the Plaintiff's arrest and (2) inadequate medical care received by the Plaintiff while he was incarcerated in the Duval County Pretrial Detention Facility. The Amended Complaint as a whole, and each claim taken individually, fails to state a claim against Rutherford. Therefore, the Amended Complaint should be dismissed.

### A.     The Amended Complaint Fails to Comply with Rule 8(a)(2), Fed.R.Civ.P.

The Amended Complaint's allegations against Rutherford are factually insufficient to state a cause of action as required by Rule 8(a)(2), Fed.R.Civ.P., and the Amended Complaint is thus subject to dismissal. Throughout the Plaintiff's 34 page Amended Complaint, Defendant John Rutherford is mentioned only three times: (1) in Plaintiff's case caption; (2) on page 6 of the Amended Complaint where Rutherford is merely identified as a defendant to this action; and (3) on page 33, paragraph 99 of the Amended Complaint. Paragraph 99 of the Amended Complaint states:

> Defendant John Rutherford, Sheriff, Duval County, Florida failed to adequately train Defendant C. Wilkie (K-9 unit) regarding supervision of the K-9 utilized in the attack of Plaintiff on October 23, 2007, failed to act to prevent said injuries to Plaintiff in his official capacity as Sheriff of Duval County, Florida in violation of federal constitutional protections afforded U.S. Constitution Amendment VIII, XIV while acting under color of state law.

The allegations contained in paragraph 99 of the Amended Complaint are the only allegations made against Rutherford. Because these allegations lack any factual basis, the Amended Complaint fails

to satisfy the pleading requirements of Rule 8(a)(2), Fed.R.Civ.P.

In order to state a claim for relief, the Federal Rules of Civil Procedure require that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 318, 127 S.Ct. 2499, 2507 (2007) (citations omitted). Factual allegations do not have to be detailed, however, they must contain more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* __U.S.__, 129 S.Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 555. Bare assertions that amount to nothing more than a formulaic recitation of the elements of a claim, should be rejected as conclusory and not entitled to be assumed true. *Id.*, at 1951.

The Plaintiff's allegations that Rutherford "failed to adequately train" an officer and "failed to act to prevent" the Plaintiff's injuries are merely attempts at the recital of the elements of a cause of action. Plaintiff provides absolutely no factual allegations regarding Rutherford's conduct or involvement with this case. Further, the Amended Complaint fails to give Rutherford fair notice of what the Plaintiff's claim against him is and the grounds upon which it rests. *See Tellabs*, 127 S.Ct. at 2507. Because the Amended Complaint fails to contain sufficient factual matter regarding Rutherford, it must be dismissed. *See Iqbal,* 129 S.Ct. at 1949.

### B. Plaintiff's Excessive Force Claim Fails to State a Cause of Action Against Rutherford

The Amended Complaint attempts to allege a constitutional violation for use of excessive force by police officers. As stated in section "A" above, the Amended Complaint contains no allegations of Rutherford's personal involvement in this case. Further, the Amended Complaint merely makes a legal conclusion that Rutherford is liable for failure to adequately train a K9 officer and for failure to prevent the Plaintiff's injuries. These allegations against Rutherford are insufficient to survive Motion to Dismiss.

Assuming, arguendo, that the allegations against Rutherford did satisfy the pleading requirements of Rule 8(a)(2), Fed.R.Civ.P., the excessive force claim should still be dismissed because it fails to state a cause of action against Rutherford. It appears that the Plaintiff sues Rutherford in his individual capacity as Sheriff. Because no personal involvement of Rutherford is alleged, he can only be liable in a supervisory capacity. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (internal quotation marks and citation omitted). Instead, supervisory liability under §1983 occurs only when:

> the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that

> the subordinates would act unlawfully and failed to stop them from doing so.

*Cottone v. Jenne*, 326 F.3d 1352, 1360-1361 (11th Cir. 2003)(internal cites and quotations omitted).

As stated above, the Plaintiff makes no allegation that Rutherford personally participated the Plaintiff's arrest. Rutherford's potential liability, therefore, can only be due to a causal connection between Rutherford's actions and the alleged constitutional violation. *See Id*. The Amended Complaint makes no allegations regarding widespread abuse that Rutherford knew about, nor does the Amended Complaint allege Rutherford's customs or policies resulted in the alleged constitutional violation. Thus the excessive force claim fails to state a claim against Rutherford and should be dismissed. *See Id.*

Additionally, the excessive force claim should be dismissed because Rutherford is entitled to qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, __ U.S.__, 129 S.Ct. 808, 815 (2009). The Eleventh Circuit has held that a heightened pleading standard applies to §1983. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1366-67 (11th Cir. 1998). A complaint alleging claims under §1983 against government officials must include "specific non-conclusory allegations of fact that will enable the District Court to determine that those facts, if proved, will overcome the defense of qualified immunity." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). The Eleventh Circuit explained that a district court "should grant the defense of qualified immunity on a motion to dismiss if the complaint fails to allege violations of a clearly established constitutional right." *Dalrymple v. Reno*, 334 F.3d 991, 994-95 (11th Cir. 2003).

5

In the instant case, the excessive force claim fails to allege any constitutional violations at all against Rutherford, and should thus be dismissed.

### C. Plaintiff's Deliberate Indifference Claim Fails to State a Cause of Action Against Rutherford

The Amended Complaint makes no clear connection between Rutherford and the allegations of deliberate indifference to serious medical needs. If Rutherford is sued in connection with this claim, the claim should be dismissed for the reasons stated above in sections "A" and "B." This is because the deliberate indifference claim fails to satisfy the pleading requirements of Rule 8(a)(2), Fed.R.Civ.P. The deliberate indifference claim also fails to allege any personal involvement of Rutherford or a causal connection between Rutherford's actions and any constitutional violations alleged in the claim. *See Cottone*, 326 F.3d at 1360-1361. Further, because the deliberate indifference claim fails to allege a violation of a clearly established constitutional right, or any constitutional violation at all by Rutherford, Rutherford is entitled to the defense of qualified immunity and the deliberate indifference claim should be dismissed. *See Dalrymple*, 334 F.3d at 994-95.

Additionally, if the deliberate indifference claim is applicable to Rutherford, it should be dismissed for the Plaintiff's failure to allege compliance with the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA"). The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court under 42 U.S.C. §1983. Specifically, the PLRA directs that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir.1998).

In his deliberate indifference claim, the Plaintiff alleges that he received deficient medical treatment while he was incarcerated in the Duval County Pretrial Detention Facility. At the time of the filing of this suit the Plaintiff was an inmate of the Florida Department of Corrections, and at present he remains in custody of the Department of Corrections. Thus, because this suit is regarding prison conditions and is brought by a Plaintiff confined in prison, the requirements of the PLRA apply to this claim. *See* 42 U.S.C. § 1997e(a). Although page four of the Plaintiff's Amended Complaint provides space for the Plaintiff to make allegations regarding the exhaustion of administrative remedies in a county jail, the Plaintiff failed to make such allegations. The remainder of the Plaintiff's Amended Complaint also fails to make any allegation that he has exhausted his administrative remedies prior to filing this suit. Therefore, the Amended Complaint should be dismissed for the Plaintiff's failure to allege exhaustion of his available administrative remedies and for his failure to comply with the PLRA.

### D. The Amended Complaint Fails to State a Cause of Action Against Rutherford in his Official Capacity

It is unclear whether the Plaintiff intended to sue Rutherford in his official capacity, or in his individual capacity. Paragraph 100 of the Amended Complaint states that judgment is requested against the Defendants "in their *individual* capacities." However, paragraph 99 of the Amended Complaint alleges that Rutherford failed to act "in his *official* capacity as Sheriff of Duval County, Florida." Should the Court interpret the Plaintiff's Amended Complaint as making claims against Rutherford in his official capacity, the Plaintiff's claims still fail to state a cause of action and should still be dismissed.

A suit against a governmental official in his official capacity is deemed a suit against the entity that he represents. *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir.1999); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991)(Suits against municipal officers are suits directly against the city that the officer represents"). Thus, if the Court interprets the Amended Complaint as suing Rutherford in his official capacity, then the Plaintiff's claims are really made against the City of Jacksonville. If that is the case, the Amended Complaint fails to state a cause of action against the City and should be dismissed.

The law is well settled that in order to hold a municipality liable under §1983, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) *citing City of Canton v. Harris,* 489 U.S. 378, 38, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A municipality cannot be sued under §1983 solely for the acts of its employees. *Monell v. Dep't of Soc. Servs. of*

*the City of New York*, 436 U.S. 658, 694-5 (1978). Rather, a municipality may only be sued under §1983 when it is the execution of the government's policy or custom that actually inflicts the plaintiff's injury. *Id.* Moreover, "[a] plaintiff seeking to hold a municipality liable under §1983 *must identify* a municipal 'policy' or 'custom' that caused the plaintiff's injury." *McDowell*, 392 F.3d at 1290 (emphasis added) (quotation and citation omitted). "This prevents the imposition of liability based upon an isolated incident." *Id.* The Amended Complaint fails to allege any of the essential elements required for Municipal liability, and therefore fails to state a cause of action against the City of Jacksonville. Thus, the Amended Complaint must be dismissed.

### E. Conclusion

For the foregoing reasons, Defendant, Sheriff John Rutherford, requests that this Court enter an order granting his Motion to Dismiss.

        RESPECTFULLY SUBMITTED,

        RICHARD A. MULLANEY
        GENERAL COUNSEL

        /s/ Sean B. Granat
        **SEAN B. GRANAT**
        **ASSISTANT GENERAL COUNSEL**
        Florida Bar No.: 0138411
        Attorneys for the Defendant Rutherford
        Office of General Counsel
        117 West Duval Street, Suite 480
        Jacksonville, Florida 32202
        Telephone: (904) 630-1859
        Facsimile: (904) 630-1316
        Sgranat@coj.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 25, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Keith C. Tischler, attorney for Defendant King. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Steven Lathel Jones, #J21218, Wakulla Correctional Institution Annex, 110 Melaleuca Drive, Crawfordville, Florida, 32327.

/S/ Sean B. Granat

**Sean B. Granat**