UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN LATHEL JONES,
Plaintiff

vs.                                                    Case No. 3:09-CV-1150J-321RK

JOHN RUTHERFORD, ET. AL.
Defendant

LEGAL MAIL PROVIDED TO WAKULLA CI ANNEX
SEP 02 2010
FOR MAILING

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Steven Lathel Jones, *pro se*, moves deny Defendant John Rutherford, *et. al.* Motion to Dismiss the above-entitled action for failure to state a claim on which relief can be granted, on the ground that the complaint sufficiently states a viable cause of action against Defendant, and submits the duly attached affidavit of Plaintiff supported by Exhibit(s) and comprehensive Memorandum of Law.

1. Plaintiff has set forth facts sufficient to state a claim upon which relief can be granted for constitutional violations of protected Federal Constitutional Rights (1) excessive use of force used by police officers employed by the Jacksonville Sheriff's Office during Plaintiff's October 23, 2007 arrest and (2) Defendant's deliberate indifference to his serious medical needs which resulted from the unprovoked police dog attack initiated by Defendant W. Wilkie on October 23, 2007 while in pretrial detention at the Duval County Detention Facility.

2. Defendant asserts that the amended complaint in its entirety should be dismissed as to Rutherford for failure of Plaintiff to allege any valid cause of action against Rutherford and because Rutherford is entitled to qualified immunity.

3. Plaintiff asserts that Defendant's Motion to Dismiss should be denied and

that further proceedings should be conducted in this matter, including jury trial on the claims presented upon which relief may be granted.

4. Defendant's erroneously assert that Plaintiff has failed to allege any viable cause of action against Rutherford and because Rutherford is entitled to qualified immunity.

5. Plaintiff while recognizing that qualified immunity may be applicable to Defendant Rutherford normally, in the instant case, his advance knowledge of Defendant C W. Wilkie's past record of misconduct and administrative sanctions administered due to past misconduct while employed at the Jacksonville County Sheriff's Office as evidenced in the attached Exhibit "A" conclusively shows that Defendant Rutherford took no steps to prevent Defendant C.W. Wilkie's misconduct by removing him from employment or administer adequate training including psychological counseling of Defendant W. Wilkie for anger management and/or aggression replacement therapy to prevent future incidents.

6. Deliberately indifferent police supervisor may be held liable for the constitutional violations of his subordinates. While qualified immunity only protects public officials from lawsuits brought against them in their individual capacity. If the supervisory police supervisor knew or his subordinates improper acts where reasonably knew could occur in the future and the supervisor failed to act to correct the wrongful act, the supervisory agent is therefore not entitled to qualified immunity.

7. Supervisor personally is liable under section 1983 when the supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection between the actions of the supervising official and the alleged constitutional

deprivation. The necessary casual connection can be established when a history of widespread abuse puts a reasonable supervisor on notice of the need to correct the alleged deprivation and he failed to do so. In the instant case, Defendant W. Wilkie had a well-known substantiated history of complaints for misconduct and had been subjected to sanctions by the law enforcement agency. Exhibit "B," *as attached* reflects that Defendant C. W. Wilkie was previously subject to nine (9) prior citizen complaints during his employment with the agency. Reasonably, Defendant Rutherford, in his capacity as the supervisory agent knew that Defendant W. Wilkie was capable of misconduct and failed to act and/or administer adequate training to prevent the improper actions.

8. Supervisory agents are liable for unconstitutional acts of subordinates if the supervisor knew of the subordinate's history of improper conduct and failed to take adequate steps to train and/or supervise the subordinate to prevent potential liability and future misconduct. Defendant Rutherford had obligation in his capacity as the supervisory agent in accordance with administrative police, practice regulations, directives and protocol to fully investigate all allegations of official misconduct by subordinates and the failure to investigate and take action to prevent abuses and misconduct establishes a casual connection against Defendant Rutherford to defeat the defense of qualified immunity.

9. Based upon the facts set forth in Plaintiff's sworn affidavit "Exhibit "C," a viable adequate cause of action exists in this matter against all defendant's including, Defendant Rutherford.

## **MEMORANDUM OF LAW**

When reviewing a Motion to Dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6), the Court must decide whether the Plaintiff has stated a claim upon which relief can be granted. See, <u>Swierkiewicz v. Soremana</u>, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d. 1 (2002). The Court will accept all allegations of fact in the complaint, with all reasonable inferences drawn in favor of the Plaintiff. See, <u>Watterson v. Page</u>, 987 F.2d. 1, 3 (1st Cir. 1993). Acknowledged is that Plaintiff factual allegation must be more than speculative and require more than labels and conclusions. See, <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S. 544. 555, 127 S.Ct. 1955, 167 L.Ed.2d. 929 (2007).

Purpose of motion to dismiss for failure to state a claim is to test the statement of the claim for relief as set out in complaint; motion may be granted only if it appears that no relief can be granted under any set of facts that could be proved consistent with the allegation. See, <u>Harris v. Mississippi Valley State University</u>, 899 F.Supp. 1561 (N.D. Miss. 1995). Purpose of motion to dismiss for failure to state claim is to assess legal feasibility of complaint, not to weigh evidence which plaintiff offers or intends to offer. See, <u>Citibank, N.A. v. K-H Corp.</u>, 745 F.Supp. 899 (SDNY 1990). Purpose of a motion to dismiss under Rule 12(b)(6) is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer; motion should not be granted on ground that possibility of ultimate recovery is remote. See, <u>Schieffelin & Co. v. Jack Co. of Boca, Inc.</u>, 725 F.Supp. 1314 (SDNY 1989). Function of a motion to dismiss is to test law of a claim, not the facts which support it.

Purpose of a motion to dismiss for failure to state claim is to test formal sufficiency of statement of claim for relief; motion is not procedure for resolving contest

about facts or merits of the case. See, <u>Stepan Co. v. Winter Panel Corp.</u>, 948 F.Supp. 802 (N.D. Ill. 1996). Purpose of motion to dismiss for failure to state claim upon which relief can be granted is to test sufficiency of complaint, not to decide merits of case. See, <u>First National Bank of Louisville v. Lustig</u>, 809 F.Supp. 444 (E.D. La. 1992).

Factual challenges are not permitted in a motion to dismiss for failure to state a claim, and the trial court may only consider acts alleged in the complaint, any documents attached as exhibits thereto, and matters subject to judicial notice in weighing merits of the motion. See, <u>Carswell v. Air Line Pilots Ass'n Intern.</u>, 540 F.Supp.2d 107 (D.D.C. 2008). Motions to dismiss because of failure to state a claim upon which relief can be granted are mere formal motions directed to the face of the complaint, and generally *are not favored* and should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial entitling a plaintiff to any relief. See, <u>Dann v. Studebaker-Packard Corp.</u>, 288 F.2d 201 (6th Cir. 1961). Motions to dismiss complaint for failure to state a claim upon which relief can be granted are viewed with disfavor in federal courts because of possible waste of time in case of reversal of a dismissal of the action, and because primary objective of the law is to obtain a determination of the merits of any claim, and therefore a case should be tried on the proofs rather than the pleadings. See, <u>Rennie & Laughlin, Inc. v. Chrysler Corp.</u>, 242 F.2d 208 (9th Cir. 1957); <u>Vernon v. Medical Management Associates of Margate, Inc.</u>, 912 F.Supp. 1549 (S.D. Fla. 1996); Motions to dismiss for failure to state a claim on which relief can be granted must be cautiously sustained and must not deprive a plaintiff of right to trial on the basis of his pleadings, if one is indicated. See, <u>Pointer v. American Oil Co.</u>, 295 F.Supp. 573 (S.D. Ind. 19680.

Motion to dismiss for failure to state claim upon which relief can be granted is not appropriate vehicle to strike objectionable portions of complaint. See, Hill v. United States, 751 F.Supp. 909 (D. Col. 1990). Motion to dismiss for failure to state a claim and motion for summary judgment place different burdens on parties at different times in course of litigation; consequently, correct characterization of motion may have substantive impact on review. See, Fleming v. Lind-Waldock & Co., 922 F.2d 20 (1st. Cir. 1990).

Upon motion to dismiss complaint for failure to state claim, court has obligation to scrutinize complaint and to let it stand if plaintiff might recover under any state of facts which could be proved in support of claim, with complaint construed in plaintiff's favor. See, General Guaranty Ins. Co. v. Parkerson, 369 F.2d 821 (5th DCA 1966); On motion to dismiss for failure to state claim upon which relief can be granted, complaint must be read with great generosity; taking plaintiff's allegations as true, court must construe complaint in light most favorable to plaintiff and must draw all inferences in plaintiff's favor. See, Bentley v. Northshore Development, Inc., 935 F.Supp. 500 (D. Vt. 1996). Purpose of a motion to dismiss for failure to state claim is to test formal sufficiency of statement of claim for relief; motion is not procedure for resolving contest about facts or merits of the case. See, Stepan Co. v. Winter Panel Corp., 948 F.Supp. 802 (N.D. Ill. 1986). Determination of when to grant a motion for dismissal of a complaint for failure to state a claim upon which relief can be granted must be carved out of each case by the sound judgment of trial judge, but that judgment should be exercised cautiously on such a motion. See, Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208 (9th Cir. 1957),

In light of liberal pleading requirements, complaint *should not be dismissed* for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of claim which would entitle him to relief.  See, <u>Kingman Park Civic Ass'n v. Williams</u>, 348 F.3d 1033, 358 (3rd Cir. 2003).

In the instant case at bar, Plaintiff by the attached exhibits has set fort a cognizable cause of action wherein relief can be granted.  Sufficient facts exist that conclusively show that Plaintiff was subjected to an unprovoked attack by the police dog on the date of incident and was never formally charged with resisting arrest during the prosecution.  Defendant's claims that Plaintiff had resisted his orders were not conclusively proven.  Further, Defendant C.W. Wilkie's statement that "Once Plaintiff complied with my commands and stopped resisting, I disengaged my police dog and did not re-engage the dog at any time" is refuted in that (1) Plaintiff was never charged with resisting arrest; (2) medical records conclusively show that Plaintiff was bitten numerous times during the dog attack by ascertaining bit marks all over his body, arms, legs, torso which proves that the police dog, contrary to Officer Wilkie's statement engaged the Plaintiff on more than one (1) single occasion; (3) That the medical records at the jail clearly show that Plaintiff was transported to the hospital for treatment after he had initially arrived at the County Detention Center after the Jail Nurse determined that the injuries were too severe to be treated at the County Detention Center.

Finally, medical records attached, as well as the sworn affidavit of Plaintiff clearly reflect that Plaintiff's wounds as a result of the attack were severely infected and that contrary to the affidavit of Max Solano, M.D., treatment of Plaintiff's injuries were not within a accepted standard of medical care in that gangrene had set into the infected

wounds of the Plaintiff." As set forth in Plaintiff's affidavit, his wounds were severely infected due to lack of adequate medical care while confined to the Duval County Detention Center. Defendant Rutherford entered into contract as chief supervisory officer of the Jacksonville Sheriff's Office who operates the Detention Center for health care services for inmates held in pre-trial confinement and is responsible to ensure that care of detainees under his custody and control are provided adequate medical care and treatment setting forth a viable claim for violation of Federal Protected Constitutional Rights secured under U.S. Constitution Amendment VIII, XIV. See, Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d. 251 (1976); West v. Adkins, 487 U.S. 42, 54-55, 108 S.Ct. 2250, 101 L.Ed.2d. 40 (1988).

Where more carefully drafted complaint might state claim, plaintiff must be given at least one chance to amend complaint before district court dismisses action with prejudice, unless plaintiff has indicated that he does not wish to amend complaint or more carefully drafted complaint could not state claim which would entitle plaintiff to relief. See, Bank v. Pitt, 928 F.2d 1108 (11th Cir. 1991). Plaintiff should reasonably be afforded an opportunity to amend his complaint to correct any deficiencies prior to dismissal on defense motion to dismiss.

District court should give plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. See, Friedlander v. Nims, 755 F.2d 810 (11th Cir. 1985). If information set forth in complaint does not adequately apprise defendant of nature of plaintiff's claim, trial court should allow plaintiff to amend pleadings to delineate more plainly cause of action, rather than dismiss the complaint. See, Sarter

v. Mays, 491 F.2d 675 (Fla. 5th DCA 1974). In deciding motion to dismiss for failure to state claim upon which relief could be granted, district court could not disregard changes in factual statements that were made by plaintiff in amended complaint in response to earlier motion to dismiss; doing so would be contrary to letter and spirit of flexible pleading standards in federal procedural rules, and changes did not directly contradict earlier allegations.  See, Streit v. Bushnell, 424 F.Supp.2d 633 (SDNY 2006).  In the typical case in which a defendant asserts, by motion, the defense of failure to state a claim, the plaintiff may amend the complaint once as a matter of course, without leave of court.  See, State Capital Title & Abstract Co. v. Pappas Business Services, LLC, 646 F.Supp.2d 668 (D. N.J., 2009).  Where complaint is dismissed for failure to state claim on which relief can be granted, plaintiff has right to file amended pleading as of course, though right must be exercised in reasonable time.  See, United States ex rel. Diamond v. Social Service Dept., 263 F.Supp. 971 (E.D. Pa. 1967). Pro se civil rights complaint that satisfied requirement that it contain short and plain statement of the claim but lacked enough detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; instead, opportunity to amend was warranted.  See, Alston v. Parker, 363 F.3d 229 (D. N.J. 2004), *on remand* 452 F.Supp.2d 597 (D. N.J. 2004). An amended complaint should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts which could be proved in support of his claim.  See,  Wallingford v. Zenith Radio Corp., 310 F.2d 693 (7th Cir. 1967). Traditionally, because affirmative defenses must be proved by the defendant, it is inappropriate to raise these defenses on a motion to dismiss; rather, the defenses are to be stated generally in the answer to the complaint,

and then determined later on summary judgment or at trial. See, Laverty v. Massad, 2009 WL 3273251 (D. Mass. 2009).

Traditionally, because affirmative defenses must be proved by the defendant, it is inappropriate to raise these defenses on a motion to dismiss; rather, the defenses are to be stated generally in the answer to the complaint, and then determined later on summary judgment or at trial. Plaintiffs are not required to negate affirmative defenses in their complaints. See, Ventrassist Pty Ltd. v. Heartware, Inc., 377 F.Supp.2d 1278 (S.D. Fla. 2005). Because the fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, the assertion of qualified immunity will not support dismissal on a motion to dismiss for failure to state a claim unless the defense is based on facts appearing on the face of the complaint. See, Shine v. Hofman, 548 F.Supp.2d 112 (S.D. Vt. 2008).

Ordinarily, on a motion to dismiss for failure to state a claim upon which relief can be granted, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, See, Barkan v. Dunkin' Donuts, Inc., 520 F.Supp.2d 333 (D.R.I. 2007); Lauria v. Donahue, 438 F.Supp.2d 131 (E.D. N.Y. 2006);

Conclusory assertions in a memorandum of law opposing a motion to dismiss for failure to state a claim upon which relief can be granted are not a substitute for plausible allegations in a complaint. See, Associated Press v. All Headline News Corp., 608 F.Supp.2d 454 (S.D. N.Y. 2009); Allegations of pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. See, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, (1972), *rehearing denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972).

## CONCLUSION

For the foregoing reasons, Plaintiff Steven Lathel Jones, requests this Honorable Court to deny Defendant John Rutherford's Motion to Dismiss and/or in the alternative grant Plaintiff leave to amend the complaint.

Respectfully Submitted,

*/s/ Steven L. Jones*

Steven Lathel Jones, D.C. # J21218
Wakulla Correctional Institution Annex
110 Melaleuca Drive
Crawfordville, Florida 32327

## CERTIFICATE OF SERVICE

I certify that copies of this motion and the attached affidavit of Steven Lathel Jones have been furnished by regular U.S. mail to Sean B. Granat, Assistant General Counsel, Office of General Counsel, 117 West Duval Street, Suite 480, Jacksonville, Florida 32202, attorney for defendant, John Rutherford; and Keith J. Tischler, attorney for Defendant King, at the address of Law Office of Jolly & Peterson, P.A., 2145 Delta Blvd, Suite 200, Tallahassee, Florida 32303-4209, on September 2, 2010.

Respectfully Submitted,

*/s/ Steven L. Jones*

Steven Lathel Jones, D.C. # J21218
Wakulla Correctional Institution Annex
110 Melaleuca Drive
Crawfordville, Florida 32327

By PLAINTIFF